EXHIBIT A

| YAIR ISREAL BABAYOFF | : | **SUPERIOR COURT OF NEW JERSEY** |
|---|---|---|
| | : | **MONMOUTH COUNTY** |
| *Plaintiff,* | : | **LAW DIVISION** |
| | : | |
| *v.* | : | **CIVIL ACTION NO.** |
| | : | |
| **HAZLET MANOR ASSOCIATES** | : | **COMPLAINT** |
| | : | |
| | : | **JURY TRIAL DEMAND** |
| **HAZLET GARDEN GROUP, LLC** | : | |
| | : | |
| **And** | : | |
| | : | |
| **EXCELSIOR CARE GROUP** | : | |
| | : | |
| *Defendants.* | : | |

## PRELIMINARY STATEMENT

Yair Isreal Babayoff, As pro-se plaintiff, brings this lawsuit against Hazlet Manor Associates and Hazlet Garden Group, LLC seeking all available relief under the New Jersey Wage Payment and Collection Law, and Fair Labor Standards Act.

## PARTIES

1. Yair Isreal Babayoff (the "Plaintiff") is a citizen of the State of New Jersey.

2. Hazlet Manor Associates ("Defendant Hazlet Manor") does business as "Regency Park Nursing Center." (See **Exhibit A**)

3. According to the National Provider Identification (NPI) registry maintained by the Centers for Medicare and Medicaid Services (CMS), Defendant Hazlet Manor does business as "Regency Park Nursing Center."[1]

---

[1] https://npiregistry.cms.hhs.gov/registry/provider-view/1194852327

4.  According to the NPI registry maintained by CMS, Defendant Hazlet Manor has a corporate mailing address of 643 Cross Street, Lakewood, New Jersey 08701.[2]

5.  Hazlet Garden Group, LLC ("Defendant Hazlet Garden") is registered with the New Jersey Division of Revenue and Enterprises Services under the entity number 0450234636.

6.  According to the NPI registry maintained by CMS, Defendant Hazlet Garden does business as Anchor Care and Rehabilitation Center.[3]

7.  According to the NPI registry maintained by CMS, Defendant Anchor has a corporate mailing address of 14C 53rd Street, Suite 220, Brooklyn, New York 11232.[4]

8.  Defendant Hazlet Manor and Defendant Hazlet Gardens are collectively referred to herein as the "Defendants".

## JURISDICTION & VENUE

9.  The allegations set forth in this Complaint occurred in Monmouth County, New Jersey

10. Jurisdiction is proper in this action as Defendants are subject to the personal jurisdiction of this Court.

11. Venue is proper under New Jersey Rule of Civil Procedure 4:3-3 as Defendants corporations are deemed to reside in any county in which it does business.

## FACTUAL BASIS

12. Defendant Hazlet Manor and Defendant Hazlet Garden operate and/or operated a skilled nursing facility located at 3325 Highway 35, Hazlet, New Jersey 07730 (the "SNF"); the

---

[2] Id.

[3] https://npiregistry.cms.hhs.gov/registry/provider-view/1962996132

[4] Id.

NPI registry for both Defendant Hazlet Manor and Defendant Hazlet Garden list the same practice address for the SNF.[5]

13. Defendant Hazlet Manor participates with the Federal Medicare program with a National Provider Identification (NPI) number of 1194852327.[6]

14. Defendant Hazlet Garden participates with the Federal Medicare program with a National Provider Identification (NPI) number of 1962996132.[7]

15. Upon information and belief, the SNF was, until July 2018, known as "Regency Park Nursing Center."

16. After July 2018, "Regency Park Nursing Center" became known as "Anchor Care and Rehabilitation Center."

17. Upon information and belief, the SNF was owned by Defendant Hazlet Manor until approximately July 2018.

18. Upon information and belief, the SNF was then owned by Defendant Hazlet Garden after July 2018.

19. Plaintiff began his employment at the SNF in January 2005.

20. Since January 2005, Plaintiff worked at the SNF in the capacity of an activities attendant and as a spiritual counselor.

21. As part of his responsibilities, Plaintiff would visit residents at the SNF and provide visitation and spiritual service services.

---

[5] See https://npiregistry.cms.hhs.gov/registry/provider-view/1194852327; see https://npiregistry.cms.hhs.gov/registry/provider-view/1962996132
[6] https://npiregistry.cms.hhs.gov/registry/provider-view/1194852327
[7] https://npiregistry.cms.hhs.gov/registry/provider-view/1962996132

22. Plaintiff would arrive at the SNF on Friday afternoon and remain there until to Sunday afternoon in observation of the Jewish Sabbath.

23. Plaintiff was required to remain at the SNF from Friday afternoon until Sunday afternoon. As a condition of his employment, Plaintiff was required to be available to the residents of the SNF at all times from Friday afternoon until to Sunday afternoon.

24. For this 72-hour period, Defendant Hazlet Manor compensated Plaintiff at a flat rate of $200.00, in the form of a check.

25. Defendant Hazlet Manor dictated the time, hours, duration, and location of Plaintiff's work at the SNF.

26. Defendant Hazlet Manor directed Plaintiff's work responsibilities at the SNF.

27. Defendant Hazlet Manor did not deduct any federal or state taxes from Plaintiff's compensation.

28. Defendant Hazlet Manor did pay any federal or state taxes for the wages earned by Plaintiff at the SNF.

29. On multiple occasions, Plaintiff complained Marty Bengio, the administrator of Defendant Hazlet Manor.

30. On multiple occasions, Plaintiff complained to David Gross, the owner of Defendant Hazlet Manor.

31. Plaintiff's complained to Mr. Bengio and Mr. Gross that he should be paid as an employee and not as an independent contractor.

32. In response, Plaintiff was told by Mr. Gross to "*take it or leave it*."

33. In July of 2018, when Defendant Hazlet Manor was in the process of being acquired by Defendant Hazlet Garden, Plaintiff again raised the issue that he should be paid as an employee and not as an independent contractor.

34. Plaintiff asked Mr. Gross whether Defendant Hazlet Garden would compensate him as an employee, rather than as an independent contractor.

35. In response, on July 31, 2018, Mr. Gross informed Plaintiff that his services would no longer be needed and offered him $2,000.00 to separate from the Defendant Hazlet Manor.

36. Plaintiff stated that he was going to file for unemployment and the owner became upset.

37. In August 2018, Plaintiff filed for unemployment benefits with the State of New Jersey.

38. The unemployment referee from the New Jersey Department of Labor (NJDOL) determined that Plaintiff was misclassified by Defendant Hazlet Manor. (See **Exhibit B**)

39.  The unemployment referee from the NJDOL determined that Plaintiff and was entitled to unemployment benefits. (See **Exhibit B**)

## COUNT I

## VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW

40. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

41. The New Jersey Wage and Hour Law, N.J.S.A. 34:11–1 *et. seq.*, prohibits an employer from discharging an employee who makes any complaint to his employer that he has not properly been paid wages. N.J.S.A. 34:11-56a24.

42. "Wages" are defined as "[t]he direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis…" N.J.S.A. 34:11-4.1(c).

43. New Jersey requires that employers pay overtime at a rate of than one and one-half times the employee's regular rate for all hours worked in excess of 40. N.J.S.A. 34:11-56a4.

44. An "employee may recover in a civil action the full amount of the salary or wages due from the employer plus an additional equal amount as liquidated damages, together with costs and such reasonable attorney's fees as may be allowed by the court…" N.J.S.A. 34:11-56.8

45. The New Jersey Supreme Court held that the "ABC test" should be used to determine the nature of an employment relationship under both the New Jersey Wage Payment Law and the New Jersey Wage and Hour Law. *Hargrove v. Sleepy's, LLC,* 220 N.J. 289, 106 (2015).

46. The "ABC" test presumes an individual is an employee unless the employer can make certain showings regarding the individual employed, including:

   a. Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

   b. Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

   c. Such individual is customarily engaged in an independently established trade, occupation, profession or business.[8] The inability to meet any one of these three criteria results in a finding that the individual is an employee.[9]

47. Defendants misclassified Plaintiff as an independent contractor.

48. Plaintiff worked for Defendant Hazlet Manor as a spiritual advisor at the SNF.

---

[8] Id. at 305.
[9] Id.

49. Defendant Hazlet Manor dictated the hours worked by Plaintiff at the SNF.

50. Defendant Hazlet Manor dictated the days in which the Plaintiff worked at the SNF.

51. Plaintiff was under the control and direction of Defendant Hazlet Manor when at the SNF.

52. Defendant Hazlet Manor required Plaintiff to remain on-site at the SNF Friday afternoon and remain there until to Sunday afternoon in observation of the Jewish Sabbath.

53. Defendant Hazlet Manor violated New Jersey's Wage and Hour Laws by failing to compensate Plaintiff for all of the hours that he worked.

54. Defendant Hazlet Manor failed to pay Plaintiff at a rate that equaled the minimum wage set in New Jersey.

55. Defendant Hazlet Manor failed to pay Plaintiff at a rate of one and one-half times the minimum wage for each hour above 40 he worked in a given week.

56. Defendant Hazlet Manor has the burden of keeping an accurate record of the hours that its employees work.

57. Defendant Hazlet Manor's timekeeping policies did not provide a means by which Plaintiff could accurately report the hours that he worked.

58. Plaintiff reasonably believed that he should be compensated for all of the hours he worked.

59. As a consequence of Plaintiff's complaints about his wages and classification as an independent contractor, the Defendants ended Plaintiff's employment.

60. A direct causal relationship exists between Plaintiff's complaints and the termination of his employment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Hazlet Manor, and requests all unpaid wages, front-pay, back-pay, accrued interest, costs, attorneys' fees, along with all other and further relief as the Court may deem just and equitable.

## COUNT II

### VIOLATION OF FAIR LABOR STANDARDS ACT

61. Paragraphs 1 through 39 are hereby incorporated by reference as if fully set forth herein.

62. The Fair Labor Standards Act ("FLSA") requires that employers pay nonexempt employees at least the federal minimum wage for all hours worked and overtime pay for hours worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).

63. In addition, FLSA regulations require that employers keep and maintain accurate records of all hours worked for each employee. 29 C.F.R. § 516.2.

64. Under the FLSA, a bona fide meal break is not work time. 29 C.F.R. § 785.19.

65. "Bona fide meal periods do not include coffee breaks or time for snacks." Id.

66. The employee must be completely relieved from duty for the purposes of eating regular meals." Id.

67. Defendants abandoned its responsibility to adequately compensate its workers, like Plaintiff, for the hours worked.

68. Defendants violated the FLSA by failing to compensate Plaintiff for all of the regular hours that he worked.

69. Defendants violated the FLSA by failing to compensate Plaintiff for all of the overtime hours that he worked.

70. Defendants' failure to pay Plaintiff in accordance with the FLSA has caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Hazlet Manor, and requests all unpaid wages, accrued interest, costs, attorneys' fees, along with all other and further relief as the Court may deem just and equitable.

## COUNT III

### RETALIATORY TERMINATION

71. Paragraphs 1 through 39 are hereby incorporated by reference as if fully set forth herein.

72. The New Jersey Wage and Hour Law, N.J.S.A. 34:11–1 et. seq., prohibits an employer from discharging an employee who makes any complaint to his employer that he has not properly been paid wages. N.J.S.A. 34:11-56a24.

73. Plaintiff reasonably believed that Defendant Hazlet Manor misclassified him as an independent contractor.

74. Plaintiff complained about not being paid overtime for the hours above forty (40) that he worked per week.

75. Plaintiff complained to Defendant Hazlet Manor about not being compensated for all of the hours he worked.

76. As a consequence of his complaints, Defendant Hazlet Manor terminated Plaintiff's employment.

77. A direct causal relationship exists between Plaintiff's complaints about his wages and Defendant Hazlet Manor's termination of his employment.

78. Plaintiff has suffered economic damages as a consequence of Defendant Hazlet Manor's termination of his employment

**WHEREFORE**, Plaintiff demands judgment against Defendant Hazlet Manor, and requests all unpaid wages, front-pay, back-pay, accrued interest, costs, attorneys' fees, along with all other and further relief as the Court may deem just and equitable.

## COUNT IV

### LIABILITY OF DEFENDANT HAZLET GARDEN

79. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

80. "The federal common law standard for successor liability in the field of labor and employment disputes dictates consideration of only the following factors: (1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor-employer of its predecessor's legal obligation; and (3) ability of the predecessor to provide adequate relief directly." Thompson v. Real Estate Mortgage Network, 748 F.3d. 142, 151 (3d Cir. 2014).

81. Upon information and belief, Defendant Hazlet Garden continued the operate the SNF after acquiring it from Defendant Hazlet Manor.

82. Like Defendant Hazlet Manor, Defendant Hazlet Garden participated in the Federal Medicare program.

83. Like Defendant Hazlet Manor, Defendant Hazlet Garden provided sub-acute rehabilitation services to Medicare beneficiaries.

84. Upon information and belief, Defendant Hazlet Garden employed the same staff that worked at the SNF under Defendant Hazlet Manor's ownership.

85. Defendant Hazlet Garden was aware of Plaintiff's employment with Defendant Hazlet Manor.

86. Defendant Hazlet Manor and Defendant Hazlet Garden discontinued Plaintiff's employment because he believed he was misclassified as an independent contractor.

87. Defendant Hazlet Garden is capable of affording relief to Plaintiff in this matter for his unpaid wages.

## COUNT V

## BREACH OF CONTRACT WRONGFUL TERMONATION

88- Upon the Acquisition Between HAZLET MANOR ASSOCIATES a/k/a Regency Park Nursing home & **HAZLET GARDEN GROUP, LLC a/k/a Anchor Care Rehabilitation Excelsior Care Group** an agreement was signed between the parties that all current staff will be retained for one Year after termination and not to be terminated without cause plaintiff was not included in the contract and hence terminated without cause making plaintiff lose one year of income

89- plaintiff was incorrectly classified by the two parties with knowledge that it was incorrect and failed to remedy the matter

**WHEREFORE**, Plaintiff demands judgment against Defendant Hazlet Garden, and requests all unpaid wages, front-pay, back-pay, accrued interest, costs, attorneys' fees, along with all other and further relief as the Court may deem just and equitable.

Respectfully submitted,

Date:_____09-22-2020_____

Yair Israel babayoff
*Pro-se Plaintiff*

## JURY DEMAND

The Plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to <u>R</u>. 1:8-2(b) and 4:35-1(a).

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to <u>R</u>. 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) the policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons or corporations insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; and (h) name and address of person who has custody and possession thereof. NOTE: This Demand pertains to all policies insuring the Defendant(s) in connection with the subject claim, regardless of whether the coverage is primary or excess. This demand policies owned by the Defendant(s) and to policies insuring the Defendant(s) and owned by others.

## **DESIGNATION OF TRIAL COUNSEL**

Pursuant to the provisions of Rule 4:25-4, the Court is advised that Yair Babayoff will representing himself or will find council

## **CERTIFICATION OF NO OTHER ACTIONS**

Pursuant to Rule 4:5-1(b)(2), I certify that the dispute about which Plaintiffs are suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification. Pursuant to R. 4:5-1(b)(3), I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## NOTICE OF PRESERVATION AND NON-DESTRUCTION OF EVIDENCE

The Defendant(s) are hereby advised of its duty to preserve all information concerning this matter. The Defendant(s) must refrain from altering, destroying, or disposing of any potential evidence in its possession which could, in any way, relate to this matter. The law requires that, once litigation is foreseeable, all potential parties must maintain all potentially relevant documents and not destroy any potentially relevant documents, even if that means holding documents well beyond minimum periods set out by law or organization record-retention policies.

This Notice applies to paper copies of documents as well as to electronically stored information ("ESI") on computer systems belonging to the Defendant(s) and any/all individuals mentioned or referenced in the Complaint, on the home and portable computers of all persons, including, but not limited to, individuals, who are reasonably foreseeable witnesses. All ESI and other records containing information relating to the subject matter of this dispute, including emails, telephone logs, internet usage files, network access information, and information on other kinds of media including personal digital assistants ("PDA's") (such as iPhones, Androids, and Blackberrys) must be retained until resolution of this matter. ESI should be preserved in its originally-created or "native" format. In addition, the Defendant(s) must retain non-electronic documents and evidence in whatever form, including personal or desk files, calendars, notes, and the like.

To meet its legal obligations with regard to ESI, the Defendant(s) should immediately suspend deletion, overwriting, or any other possible destruction of relevant documents and data, including current document destruction policy and/or automatic deletion function on your computer or other electronic device. ESI is an important and irreplaceable source of

discovery and/or evidence in this matter. The Defendant(s) must take every reasonable step to preserve this information. Failure to preserve and retain information may result in sanctions against the Defendant(s).

Respectfully submitted,

Date:_____09-22-2020_____

Yair Israel babayoff
*Pro-se Plaintiff*



# Appeal Tribunal
PO Box 936
Trenton, NJ 08625-0936

YAIR BABAYOFF
6909 138TH ST
APT 3D
FLUSHING, NY 11367

SS #: 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
**Docket #:** DKT00161784
**Date of Claim:** 08/12/2018
**Date of Appeal:** 09/17/2018
**PC :** 10
**Appellant:** Claimant
**Mailing Date:** 10/15/2018

## Decision of the Appeal Tribunal

**IN THE MATTER OF: YAIR BABAYOFF**

## EMPLOYER: HAZLET MANOR ASSOCIATES T/A REGENCY PARK NURSING CENTER

The claimant appealed on 09/17/18 from a determination of the Deputy, mailed on 09/13/18, holding the claim for benefits dated 08/12/18 invalid on the ground that the claimant was an independent contractor, and not in covered employment.

The claimant, the claimant's attorney, and the employer participated in a telephone hearing on 10/15/18.

## FINDINGS OF FACT:

A claim for unemployment benefits was filed effective 08/12/18 which established a base year from 04/01/17 through 03/31/18.

The claimant worked for the above-named employer as a Visitation Resident from January of 2005 through 06/10/18, at which time the business was sold. The claimant earned $200 per weekend, and $550 per Jewish holiday. The claimant worked from 3:00 PM Friday through 3:00 PM Sunday. The claimant's main responsibilities included his overseeing recreational activities for elderly patients, which included reading to these patients, and praying with them. The claimant's job duties, and his work hours and days were directed by the employer's Administrator. The claimant would always commute to the workplace in Hazlet, New Jersey from his residence in Queens, New York throughout his 13 years of employment. The claimant used his own vehicle. He was not monetarily compensated for his mileage or tolls. The claimant never received a W2 tax form, nor did he ever file a 1099 tax form. Instead the claimant used a 1040 tax form to estimate his taxes each year. The claimant never signed a terms of service agreement.

**OPINION:**

N.J.S.A. 43:21-19(i)(6) provides:

Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter (R.S. 43:21-1 et seq.) unless and until it is shown to the satisfaction of the Division that

(A) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

(B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(C) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

Where an individual such as the claimant performs services for remuneration, such services are deemed to be employment unless all three (3) requirements of the above-listed statute, sometimes referred to as the ABC test, are met. When the service relationship fails to meet any of the test, statutory "employment" obtains. Gilchrist v. Div. of Employ. Sec., supra, 48 N.J Super. at 158.

In this case, there is substantial evidence on the record to show that the employer exercised considerable control over the claimant. As the employer had dictated the claimant's work location in central New Jersey, his being able to work on the weekends only, along with their directing the claimant's job responsibilities, it is apparent that the claimant was not free from control or direction during his scheduled work time from Friday afternoon through Sunday afternoon. Hence, the remunerated services performed by the claimant were in employment, and all monies paid were covered wages, in accordance with N.J.S.A. 43:21-6(b)(1).

**DECISION:**

The remunerated services performed by the claimant for the above-named employer were in employment, and all monies paid were covered earnings in accordance with N.J.S.A. 43:21-19(i)(6).

The determination of the Deputy is reversed.

The Deputy is instructed to calculate the monetary determination on the unemployment claim dated 08/12/18.

/s/ Peter Toulas
**APPEALS EXAMINER**

FA

# APPEAL RIGHTS

<u>**IMPORTANT:**</u> This decision will become final, unless, within twenty (20) days of the date of mailing or notification, a written appeal is filed with the Board of Review, Department of Labor, Labor Building, PO Box 937, Trenton, New Jersey 08625-0937. If the last day allowed for the appeal occurs on a Saturday, Sunday or legal holiday, the appeal will be accepted if received or postmarked on the next business day. The appeal period will be extended if good cause for late filing is shown. Good cause exists in situations where it can be shown that the delay was due to circumstances beyond the control of the appellant, which could not have been reasonably foreseen or prevented. Please specify the reason for your appeal, and if possible, attach a copy of this decision. Please take notice that in the event that any party files a timely appeal to the Board of Review from <u>this</u> decision of the Appeal Tribunal, the Board hereby exercises its authority pursuant to <u>N.J.S.A.</u> 43:21-6(e) to take jurisdiction over any and all issues arising from the Appeal Tribunal decision regarding the determination(s) of the Deputy/Director. While unemployed and claiming benefits, the claimant must report as instructed by the Division. The parties to an appeal before the Board of Review may be represented by an attorney.

**IMPORTANTE:** Esta decisión será final, amenos que dentro de veinte días a partir de la fecha en cual esta decisión fue enviada o notificación dada, una apelación en escrito es recibida por la Junta de Repaso, Departamento de Labor, Edificio de Labor, PO Box 937, Trenton, New Jersey, 08625-0937. Si el último día autorizado en su apelación fuera ser un sábado, domingo o día de fiesta, su apelación será aceptada si la estampilla está marcada con el próximo día laboral. El periodo de apelación solo puede ser extendido por buena causa. Buena causa existe en situaciones en donde puede ser comprobado que la demora en apelar su decisión fue causada por circunstancias fuera de su control, en la cual es razonable asumir que no era posible de anticipar o prevenir tal circunstancia. Favor de incluir su razón por la cual está apelando, y si es posible, adjunte una copia de esta decisión. Favor de reconocer que en el evento que cualquier partido someta una apelación a tiempo a la Junta de Repaso de la decisión del Tribunal de Apelaciones, la Junta reserva el derecho según la autoridad dada por las leyes de NJSA 43:21-6(e) en mantener jurisdicción sobre cualquier y todo motivos debidas por la decisión del Tribunal de Apelaciones hechas por el Diputado o Director. Mientras esté desempleado y reclamando beneficios, el reclamante tiene que reportarse según las instrucciones que reciba de la División. Las partes en un recurso ante la Junta de Revisión podrán ser representados por un abogado.



# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
| --- |
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name<br>YAIR ISRAEL BABAYOFF | Telephone Number<br>(917) 577-4623 | County of Venue<br>Monmouth |
| --- | --- | --- |
| Firm Name (if applicable) | | Docket Number (when available) |
| Office Address<br>69-09 138TH STREET APT # 3D<br>FLUSHING NY 11367-1653 | | Document Type |
| | | Jury Demand ☒ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff)<br>YAIR ISRAEL BABAYOFF | Caption<br>HAZLET MANOR ASSOCIATES<br>HAZLET GARDEN GROUP, LLC<br>EXCELSIOR CARE GROUP |
| --- | --- |

| Case Type Number<br>(See reverse side for listing)<br>509 | Are sexual abuse claims alleged?<br>☐ Yes ■ No | Is this a professional malpractice case? ☐ Yes ■ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
| --- | --- | --- |

| Related Cases Pending?<br>☐ Yes ■ No | If "Yes," list docket numbers |
| --- | --- |

| Do you anticipate adding any parties<br>(arising out of same transaction or occurrence)?<br>■ Yes ☐ No | Name of defendant's primary insurance company (if known)<br>☐ None<br>■ Unknown |
| --- | --- |

## The Information Provided on This Form Cannot be Introduced into Evidence.

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship?<br>■ Yes ☐ No | If "Yes," is that relationship?<br>■ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain)<br>☐ Familial ☐ Business |
| --- | --- |

| Does the statute governing this case provide for payment of fees by the losing party? | ■ Yes ☐ No |
| --- | --- |

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations?<br>☐ Yes ■ No | If yes, please identify the requested accommodation: |
| --- | --- |
| Will an interpreter be needed?<br>☐ Yes ■ No | If yes, for what language? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

| Attorney Signature: | 09/22/2020 |
| --- | --- |

**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

## Track I - 150 days discovery

| | | | |
|---|---|---|---|
| 151 | Name Change | 506 | PIP Coverage |
| 175 | Forfeiture | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 | Lemon Law |
| | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | 999 | Other (briefly describe nature of action) |

## Track II - 300 days discovery

| | | | |
|---|---|---|---|
| 305 | Construction | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 | Personal Injury |
| | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | 699 | Tort – Other |

## Track III - 450 days discovery

| | | | |
|---|---|---|---|
| 005 | Civil Rights | 608 | Toxic Tort |
| 301 | Condemnation | 609 | Defamation |
| 602 | Assault and Battery | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | |
| 606 | Product Liability | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | |
|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | 514 | Insurance Fraud |
| 303 | Mt. Laurel | 620 | False Claims Act |
| 508 | Complex Commercial | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | |

## Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | Accutane/Isotretinoin | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | 626 | Abilify |
| 286 | Levaquin | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | | |
| 299 | Olmesartan Medoxomil Medications/Benicar | | |
| 300 | Talc-Based Body Powders | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59** ☐ **Consumer Fraud**



# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

**For Use by Clerk's Office Only**

Payment type: ☐ ck ☐ cg ☐ ca

Chg/Ck Number:

Amount:

Overpayment:

Batch Number:

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|

| Office Address | Document Type |
|---|---|
| | Jury Demand ☐ Yes ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? ☐ Yes ☐ No | Is this a professional malpractice case? ☐ Yes ☐ No<br>If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |
|---|---|---|

Related Cases Pending? ☐ Yes ☐ No    If "Yes," list docket numbers

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ☐ No | Name of defendant's primary insurance company (if known) ☐ None ☐ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship? ☐ Yes ☐ No    If "Yes," is that relationship: ☐ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business

Does the statute governing this case provide for payment of fees by the losing party? ☐ Yes ☐ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

Do you or your client need any disability accommodations? ☐ Yes ☐ No    If yes, please identify the requested accommodation:

Will an interpreter be needed? ☐ Yes ☐ No    If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature:



**Side 2**

# Civil Case Information Statement
## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | | | |
|---|---|---|---|
| 151 | Name Change | 506 | PIP Coverage |
| 175 | Forfeiture | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 | Lemon Law |
| | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | | | |
|---|---|---|---|
| 305 | Construction | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 | Personal Injury |
| | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | 699 | Tort – Other |

### Track III - 450 days discovery

| | | | |
|---|---|---|---|
| 005 | Civil Rights | 608 | Toxic Tort |
| 301 | Condemnation | 609 | Defamation |
| 602 | Assault and Battery | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | |
| 606 | Product Liability | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | |
|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | 514 | Insurance Fraud |
| 303 | Mt. Laurel | 620 | False Claims Act |
| 508 | Complex Commercial | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | |

### Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | Accutane/Isotretinoin | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | 626 | Abilify |
| 286 | Levaquin | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | | |
| 299 | Olmesartan Medoxomil Medications/Benicar | | |
| 300 | Talc-Based Body Powders | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ Putative Class Action  ☐ Title 59  ☐ Consumer Fraud

YAIR ISRAEL BABAYOFF      Plaintiff

vs.

HAZLET MANOR ASSOCIATES      Defendant
HAZLET GARDEN GROUP LLC
EXCELSIOR CARE GROUP

Superior Court of New Jersey
Venue MONMOUTH COUNTY
Docket Number MON L 002908-20

**Person to be served** (Name & Address):
DAVID GROSS -OWNER OF REGENCY PARK -
HAZLET MANAOR ASSOCIATIES
42 WEST PARKWAY
CLIFTON NJ 07012
**Attorney:**
UNKNOWN

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ ___0_____

**Papers Served:**

SUMMONS AND COMPLAINT
**Service Data:**
Served Successfully _X_     Not Served _____     Date: 02/10/2021    Time: 4:00 pm

Attempts: __1_____

_X_ Delivered a copy to him / her personally

Name of Person Served and relationship / title:

RAMI RIBI BABAYOFF

_____ Left a copy with a competent household
member over 14 years of age residing
therein (indicate name & relationship at right)

SERVER

_____ Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(Indicate name & official title at right)

**Description of Person Accepting Service:**

Sex: M ___ Age: 36    Height: 5"6 ___ Weight: 185 ___ Skin Color: W ___ Hair Color: DRK BRN

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
_____Date _____Time
( ) Other:_____ Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this
4TH day of March     2021

Notary Signature
Name of Notary YOSEF FARZAN
commission expiration September 6th 2024

I, RAMI RIBI BABAYOFF, was at the time of
service a competent adult not having a direct
interest in the litigation. I declare under penalty
of perjury that the foregoing is true and correct.

Date 03/04/2021

RAMI RIBI BABAYOFF
*RAMI RIBI BABAYOFF*
*144-33 MELBOURNE AVENUE*
*FLUSHING NY 11367*

Affidavit of Service (9/30/02)

YOSEF FARZAN
Notary Public state of New York
No. 01FA6347470
Qualified in Queens County
Commission Expires September 06, 2024

YAIR ISRAEL BABAYOFF          Plaintiff

vs.

HAZLET MANOR ASSOCIATES          Defendant
HAZLET GARDEN GROUP LLC &
EXCELSIOR CARE GROUP

Superior Court of New Jersey
Venue MONMOUTH COUNTY
Docket Number MON L 002908-20

**Person to be served** (Name & Address):
CHAIM REBIAT-ADMISTRATOR
HAZLET GARDEN GROUP LLC
ANCHOR CARE REHAB -EXCELSIOR CARE GROUP
3325 STATE HIGHWAY 35
HAZLET NJ 07735

**Attorney:**
UNKNOWN

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ __0__

**Papers Served:**
SUMMONS AND COMPLAINT

**Service Data:**

Served Successfully  X____          Not Served _____

Date: 02/10/2021          Time: 4:00 pm

Attempts: __1__

__X__  Delivered a copy to him / her personally

Name of Person Served and relationship / title:

RAMI RIBI BABAYOFF

_____  Left a copy with a competent household
member over 14 years of age residing
therein (indicate name & relationship at right)

SERVER

_____  Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(Indicate name  & official title at right)

**Description of Person Accepting Service:**

Sex: M____      Age: 36____      Height: 5"6___      Weight: 185____    Skin Color: W____    Hair Color: DRK BRN____

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on:_____ Date _____ Time
_____Date _____Time
( ) Other:_____  Comments or Remarks_____

**Server Data:**

Subscribed and Sworn to me this
4TH day of March_____  2021

Notary Signature_____
Name of Notary  YOSEF FARZAN
commission expiration September 6th 2024

YOSEF FARZAN
Notary Public State of New York
No. 01FA6347470
Qualified in Queens County
Commission Expires September 06, 2024

I, RAMI RIBI BABAYOFF, was at the time of
service a competent adult not having a direct
interest in the litigation.  I declare under penalty
of perjury that the foregoing is true and correct.

Date 03/04/2021

RAMI RIBI BABAYOFF

*RAMI RIBI BABAYOFF*
*144-33 MELBOURNE AVENUE*
*FLUSHING NY 11367*

Affidavit of Service (9/30/02)

EXHIBIT B

M. Elizabeth Duffy, Esq. - NJ ID No.
024111994
Kirmser, Lamastra, Cunningham & Skinner
202A Hall's Mill Road
P O Box 1675
Whitehouse Station, New Jersey 08889-1675
(908) 572-3600
Attorneys for Defendant Hazlet Garden
Group, LLC

| | |
|---|---|
| YAIR ISREAL BABAYOFF | SUPERIOR COURT OF NEW JERSEY |
| | MONMOUTH COUNTY |
| Plaintiff | DOCKET NO. MON-L-2908-20 |
| | |
| v. | CIVIL ACTION |
| | |
| HAZLET MANOR ASSOCIATES, | **CERTIFICATION OF CHAIM RIBIAT** |
| HAZLET GARDEN GROUP, LLC AND | |
| EXCELSIOR CARE GROUP | |
| | |
| Defendants | |

I, Chaim Ribiat, of full age, hereby certify as follows:

1.      I am the Administrator of Anchor Care and Rehabilitation Center in Hazlet, New Jersey.

2.      On May 13, 2021, I learned for the first time that a Complaint had been filed by Yair Isreal Babayoff against Hazlet Manor Associates, Hazlet Garden Group, LLC and Excelsior Care Group, and that the Summons and Complaint had purportedly been served on me February 10, 2021.

3.      I was never served with the Summons and Complaint, or anything else, on February 10, 2021 or any other date.

4.      Additionally, I do not believe I am authorized to accept service of a Summons and Complaint for any of the entities named in the Complaint.

5. On February 10, 2021, I was assaulted by the Plaintiff, Yair Isreal Babayoff, as I left the Yeshiva of Cliffwood after prayers at about 3:30 p.m. Mr. Babayoff came upon me screaming "you owe me money", and blocked me from closing my car door. When I attempted to call the police, he knocked my phone out of my hand. He eventually stepped aside and allowed me to leave. At no time during this assault did he serve me with any papers. He appeared to be alone, and did not appear to be accompanied by Rami Ribi Babayoff, who I understand is the person who purportedly served me with the papers.

I hereby certify the foregoing statements made by me are true. I am aware that if any of the foregoing are willfully false, I am subject to punishment.

By:_____

Dated: May 20, 2021                                   Chaim Ribiat

EXHIBIT C

M. Elizabeth Duffy, Esq.
NJ ID No. 024111994
KIRMSER, LAMASTRA, CUNNINGHAM
& SKINNER
202A Hall's Mill Road
P O Box 1675
Whitehouse Station, New Jersey 08889-1675
(908) 572-3600
Attorneys for Defendant Hazlet Garden
Group, LLC

| | |
|---|---|
| YAIR ISREAL BABAYOFF | SUPERIOR COURT OF NEW JERSEY |
| | MONMOUTH COUNTY |
| Plaintiff | DOCKET NO. MON-L-2908-20 |
| | |
| v. | CIVIL ACTION |
| | |
| HAZLET MANOR ASSOCIATES, | **NOTICE TO CLERK OF SUPERIOR** |
| HAZLET GARDEN GROUP, LLC AND | **COURT OF FILING OF NOTICE OF** |
| EXCELSIOT CARE GROUP | **REMOVAL** |
| | |
| Defendants | |

TO:    Clerk, Superior Court of New Jersey
       71 Monument Park
       Freehold, NJ 07728-1266


        PLEASE TAKE NOTICE that there is attached hereto a copy of the Notice of Removal

of this case and the Notice to Adverse Party of Filing of Notice of Removal, which have been

filed with the Clerk of the United States District Court for the District of New Jersey.

                                KIRMSER, LAMASTRA, CUNNINGHAM &
                                SKINNER
                                Defendant Hazlet Garden Group, LLC


                        By:_____
                                M. Elizabeth Duffy

Dated: May 20, 2021